Filed 12/15/22  P. v. Gordon CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094720 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE008926) |
| v. | |
| FRED GORDON, | |
| Defendant and Appellant. | |

Sentenced to 12 years four months in prison for three felony convictions related to possessing a handgun and discharging it from a car, defendant Fred Gordon argues: (1) the trial court abused its discretion by allowing the prosecution to reopen its case to present additional evidence; (2) his 16-month sentence for being a felon in possession of a firearm should be stayed under Penal Code section 654[1] or, alternatively, the court

---

[1]    Undesignated section references are to the Penal Code.

1

erroneously believed it lacked the authority to impose concurrent sentences; and (3) recent ameliorative changes to triad sentencing guidelines warrant resentencing. Finding merit in the last contention, we will remand for resentencing and otherwise affirm the convictions.

## BACKGROUND

The prosecution charged defendant with grossly negligent discharge of a firearm (§ 246.3—count one); discharging a firearm from a motor vehicle (§ 26100, subd. (d)—count two); and possession of a firearm by a felon. (§ 29800, subd. (a)(1)—count three.) The prosecution also alleged defendant had a prior robbery conviction (§ 211) that was a prior serious felony (§ 667, subd. (a)) and a prior strike. (§§ 667, subds. (b)-(i), 1170.12.)

At trial, the prosecution introduced "selfie" videos showing defendant riding in the passenger seat of a car, brandishing a handgun with a teal-colored frame. In one video, defendant holds his right arm outside the car window. Although the gun cannot be seen in the video, a bang can be heard and a flash seen. Earlier that day, defendant sent a text message stating he was "finna go shoot the hamma," slang for going to shoot a gun. Shortly after the video was recorded, defendant sent the video to another person and sent text messages affirming he was "shooting it" and stating he was "finna go get hollows," slang for acquiring hollow point bullets.

A detective opined defendant was using a real handgun based on its appearance and the apparent "muzzle flash" and "shot sound" in the video. Additionally, the police department's gunshot detection technology, which triangulates the location of loud sounds using multiple sensors placed at various locations, recorded an apparent gunshot in South Sacramento at a time corresponding to the timestamp on the video—April 6, 2019, at approximately 11:55 p.m. Finally, a "very similar" operable handgun that was the same "unique color" was found with defendant's acquaintances about five months after the video was recorded.

Defendant's only witness was an expert who testified that the gunshot detection technology can be triggered by loud noises other than gunshots and its accuracy can be affected by environmental conditions and structures.

In response to defense counsel's request for jury instructions related to her argument that the prosecution failed to show the shooting occurred in Sacramento County, the court granted the prosecution's request to reopen its case by calling an officer to testify about defendant's statements to the officer. Before reaching the issue of location, however, the prosecutor asked several questions pertaining to defendant's criminal conduct. According to the officer, defendant said the timestamp on the video was accurate, the handgun was real and operable, and that defendant had it with him that night. However, defendant had claimed he was not holding the gun when he stuck his arm out the window in the video; instead, somebody else nearby had, coincidentally, fired a gun at that very moment. As to location, defendant had stated the incident occurred in South Sacramento, albeit in a different area from that identified by the gunshot detection technology. Throughout the questioning, defense counsel objected on various grounds, but did not assert that the questioning exceeded the scope of the purpose of reopening.

The court then allowed the defense to reopen by questioning an officer regarding text messages sent by defendant the day of the video recording in which defendant indicated he was planning on shooting the "blue boy" in Yuba City.

The court did not instruct the jury on the issue of location.

The jury found defendant guilty on all counts.

The trial court found defendant's prior conviction was a serious felony and a strike. The court considered defendant's youthfulness—he was 20 years old at the time of the offense—in rejecting defense counsel's request to strike the five-year prior serious felony enhancement. Noting only that defendant was on parole at the time of the offense and had a prior prison term, the court imposed the upper term of three years on count one, doubled for the strike prior. The court stayed punishment on count two—the middle term

3

of two years, doubled.  As to count three, the court imposed a consecutive one-third the middle term of eight months, doubled.

## DISCUSSION

### I

### *Reopening*

Defendant concedes Sacramento County was the appropriate venue for his case, but contends the trial court, after granting defense counsel's request for a jury instruction on this issue, abused its discretion by allowing the prosecution to reopen its case without ultimately providing a venue instruction.  According to defendant, "[t]he error was prejudicial because the People did not just present evidence related to venue but also presented their strongest evidence of guilt," namely, that defendant admitted to having the gun, that the gun worked, and that a gunshot did in fact occur.  Anticipating the People's response that defendant's contentions are forfeited, defendant also argues counsel's performance was constitutionally ineffective because counsel failed to object that the prosecution's questioning of the officer went beyond the issue of location.

We agree defendant's contentions are forfeited.  (*People v. Partida* (2005) 37 Cal.4th 428, 434 [a " ' "defendant's failure to make a timely and specific objection" on the ground asserted on appeal makes that ground not cognizable' "].)  We further conclude that counsel's performance did not prejudice defendant.

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms.  Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)  On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a

4

reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697 [80 L.Ed.2d 674, 699].)

Here, the strongest evidence of defendant's guilt was his own video recordings—in which he brandished and apparently discharged the handgun, eliciting a gunshot sound and muzzle flash—and his text messages bookending the videos stating that he intended to and had shot the gun, and was planning to acquire hollow point bullets for the gun. This evidence was corroborated by the gunshot detection technology, which detected a gunshot at a time corresponding to the video of the apparent shooting, as well as by the fact that an operable gun matching the unique teal handgun in the videos was later recovered from defendant's acquaintances. The prosecution's case-in-chief presented ample evidence of defendant's guilt, rendering unlikely a different result had counsel objected to the scope of the prosecution's questioning.

Defendant has failed to show counsel was ineffective.

II

*Sentencing issues*

Defendant raises three sentencing arguments: (1) section 654 bars punishment of both count one and count three because possessing and discharging the gun constituted one course of conduct with a single objective; (2) the trial court mistakenly concluded that it lacked discretion to impose a concurrent term on count three; and (3) remand is warranted based on Senate Bill No. 567's (2021-2022 Reg. Sess.) (Senate Bill 567) changes to triad sentencing, which became effective while his appeal was pending. Agreeing with defendant's last contention, we vacate the sentence and remand without reaching the first two contentions.

Effective January 1, 2022, a trial court must impose the lower term unless the court expressly finds the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice if enumerated factors contributed to the commission of the offense. (§ 1170, subd. (b)(6), added by Stats. 2021, ch. 731, §§ 1.3, 3(c).) One such factor is if the defendant "was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6)(B).) A youth under section 1016.7 is "any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).) These ameliorative changes to section 1170 apply retroactively to defendant's nonfinal conviction. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

Where a trial court cannot have acted with " ' "informed discretion," ' " "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Here, there is no clear indication that the trial court would have sentenced defendant to terms exceeding the lower term if it had been bound by the new requirements under Senate Bill 567. Although the trial court did consider defendant's youthfulness at sentencing with respect to defense counsel's request to strike defendant's prior serious felony enhancement, it did not, as Senate Bill 567 now requires, apply a presumption in favor of the lower term nor determine that imposing it would be contrary to the interests of justice. The People did not respond to this contention. Finding remand necessary under newly amended section 1170, subdivision (b)(6), we need not reach defendant's additional claims. On remand, defendant may raise any sentencing arguments available to him. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "].)

DISPOSITION

The convictions are affirmed.  The sentence is vacated and the matter is remanded for a full resentencing.  Following resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


     KRAUSE     , J.


We concur:


     ROBIE     , Acting P. J.


     BOULWARE EURIE , J.